### MUIRHEAD v. BERGLAND.

TAXES—PETITION FOR SALE OF LAND—HEARING—CONTINUANCE—JURISDICTION TO ENTER DECREE.

> Section 59 of the tax law of 1889 ( 3 How. Stat. § 1170$f$8 ), providing that if, from any cause, the hearing on the petition of the auditor general for a decree against delinquent lands should not be had on the day fixed in the notice, the same should stand continued from day to day during the term, without the entry of any order of continuance, and if, from any cause, no decree should be made on such petition, the auditor should, as soon as practicable, file a new petition, did not operate to continue the case beyond the term, and, by adjourning for the term without having entered any order of continuance, the court lost jurisdiction to enter a decree until a new petition should be filed.

Appeal from Kalkaska; Aldrich, J.   Submitted October 20, 1896.   Decided February 18, 1897.

Bill by Peter Muirhead against Gunlek A. Bergland and Louis Sands to quiet title.   From a decree for complainant, defendants appeal.   Reversed.

*William D. Totten* and *Cassius M. Phelps*, for complainant.

*Smurthwaite & Fowler*, for defendants.

MOORE, J. The complainant filed a bill to quiet title to 40 acres of land which he claims to own. His title is obtained through a tax deed. Nearly all the questions involved in this case were considered and determined in the case of *Muirhead* v. *Sands, ante,* 487. The only other question necessary to discuss grows out of the following facts: The auditor general filed his petition for a decree for a sale of the land in controversy, and in the petition notice was given that a hearing would be had before the circuit court for the county of Kalkaska on the third Tuesday of January, 1892. No appearance was made, and no notice of contest was filed in the case. The court was opened on the third Tuesday of January, and on the same day was adjourned until the 22d day of March, at which date court was opened, and was doubtless adjourned the same day, *sine die,* though the court journal does not contain an entry of adjournment. No formal order was made continuing the case from day to day, or over the term, and on the first day of the April term a decree was entered in the case.

Section 59, Act No. 195, Pub. Acts 1889, under which this proceeding was had, provides:

"If, from any cause, the hearing on said petition is not had on the day fixed in the notice therefor, the same shall stand continued from day to day during the term, without the entry of any order of continuance, until disposed of. * * * If, from any cause, no decree shall be made on such petition as to the taxes therein named, or any part thereof, the auditor general shall, as soon as practicable, file a new petition for decree and sale, and proceedings thereon shall be the same and a decree and sale made as herein provided."

It is the claim of defendants that, when the January term adjourned without day, the court lost jurisdiction to make a decree in the case, until a new petition was filed by the auditor general. The cases were continued from day to day, without the entry of any order of continuance, simply by virtue of the statute. But the statute does not provide for such a continuance beyond the term. In the

absence of any formal order continuing the case until the subsequent term, we think the court lost jurisdiction until a new petition was filed.

Decree is reversed, and bill dismissed.

The other Justices concurred.